MILLER, Judge.
Joseph G. Fontenot, individually and for and in behalf of his minor son, Kenneth, seeks damages resulting from an inter-sectional collision which occurred at 11 p. m., March 11, 1969 in the business district of Ville Platte.
The trial court rendered judgment for defendant and plaintiff appealed. We affirm.
The accident occurred near the intersection of Main and Calcasieu streets. Cal-casieu is a paved two lane street running north-south and makes a “T” intersection with Main Street, a paved two lane east-west street. Main Street is the right-of-way street and traffic on Calcasieu is required to stop before entering Main. The street was wet and it was “misty” at the time of the accident. The intersection is well lighted by an overhead mercury vapor street light. Lights of business places along Main Street serve to illuminate the street quite well. The speed limit on Main Street is 30 miles per hour.
Kenneth Fontenot, age 17, was driving his father’s Volkswagen west on Main Street. He passed a slower moving westbound automobile driven by Mrs. Gail Foret, and was returning to his right lane of traffic when he saw defendant’s insured (Ardoin’s) car right in front of him. He tried to apply his brakes but they did not hold. The left front of the Volkswagen struck the right rear side of Ardoin’s Chevrolet. The impact occurred about 2 feet west of a projection of the west boundary of Calcasieu Street and about 2 feet south of the centerline of Main Street.
The Volkswagen was appraised as a total loss and Kenneth Fontenot was seriously injured. Kenneth admitted that he was traveling 35 miles per hour, and that he had consumed three or four beers earlier that evening. Although Kenneth contended that he started to pass the Foret vehicle when he was one and one-half blocks from this intersection (which was at another intersection), on cross-examination he testified at Tr. 120:
“Q. Did you pass this car at an intersection ? Huh ?
*812 “A. Yes, sir, I passed it. I don’t know if it was in front of the intersection or just before.
“Q. In fact you don’t know where you passed that car, right? Or finished passing it?
“A. No, sir.”
Mrs. Foret is a disinterested witness. She testified that she was driving about 25 miles per hour and that Ardoin could have easily completed his entry to Main Street without interfering with her progress. She did not see the Volkswagen until it “came flying by”. She immediately sensed that there would be an accident and gradually braked to a stop before reaching the impact area.
Mr. Ardoin testified that he stopped at the intersection and looked to his left. There was no approaching traffic. He looked to his right and saw Mrs. Foret’s headlights approaching. He looked at the approaching vehicle for about two seconds to get an approximation of the approach speed. After determining that he had time to clear the intersection, he made his left turn into Main Street. Ardoin never did see the Volkswagen until after he was struck, and contended at the accident that the Volkswagen must not have had its headlights on. Ardoin had entered the intersection at a slow rate of acceleration.
Plaintiff relies on the case of Hoover v. Wagner, 189 So.2d 20 (La.App. 1 Cir. 1966) contending that the facts of Hoover are duplicated here. We do not agree. Plaintiff in this case (as distinguished from the plaintiff in Hoover) was exceeding the speed limit on a wet road at night and was not maintaining a proper lookout.
The trial court must have found, as we do, that Kenneth Fontenot was driving at a high rate of speed and that he was not keeping a proper lookout. His negligence was a proximate cause of this accident. The judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff-appellant.
Affirmed.